PORTER E. CHAMBERLAIN

V.

JOHN BAIN.

*Sales—Rescission—Evidence.*

In an action for the price of goods sold, the sale of which defendant claimed to have been rescinded by mutual consent, this court declines to interfere with the verdict for defendant.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. B. A. KNIGHT and N. C. WARNER, for appellant.

Messrs. J. C. GARVER and A. E. FISHER, for appellee.

UPTON, P. J. This cause was before this court on a former occasion, and its proceedings therein will be found reported in 27 Ill. App. 637.

The appellant brought suit in the court below against the appellee in an action of assumpsit to recover the alleged purchase price of twenty-four steers, bid off by appellee at an auction sale held by appellant for the sum of about $25 per head. The price of the cattle so purchased at that sale by the appellee (as claimed by appellant) were to have been paid for in one year, by the note of the appellee, bearing interest at six per cent, with security to be approved by appellant. Appellee, however, insisted that by express contract made at the sale and before the purchase he was to give his own note with interest as stated, due in one year, without security, in support of which contention much evidence was given on the trial.

Appellee further claimed and insisted that the sale of the cattle was rescinded by mutual consent of appellant and appellee soon after the auction sale, and the facts in evidence seem to sustain this view.

Some three weeks after the auction sale, these steers were sold at private sale by the appellant to one Geo. Detmore, (and as appellant claims) for a less sum than the price bid therefor by the appellee at the auction sale. The auction was held late in the fall of 1884 or early winter of 1885. This suit was commenced to the April term of the Circuit Court, 1889. It will be seen on inspection of the opinion of this court on the former appeal before referred to, that one of the errors therein assigned and sustained by this court was that by the appellee's instruction No. 5, given the jury upon that trial, the trial court wholly ignored the issue presented to the jury,

viz., whether or not there had been a rescission of the contract of sale by mutual consent. Upon the retrial of the cause, that, and other errors for which a reversal and remand were directed, have been avoided and further proof heard upon the facts of rescission of the sale, and kindred questions, and the trial court properly instructed the jury in effect that the appellant could waive or rescind the sale to and with appellee, by mutual consent of the parties to such sale, and that if the sale was so rescinded the appellant could not recover in this action. It is objected, however, by the appellant, that even if this be conceded, appellant is entitled to recover, for the reason, as is claimed, that there is not sufficient evidence to establish such contract of rescission.

We have carefully examined the record upon this question and are satisfied that the jury were fully warranted in finding, as they did, that the auction sale of the cattle to the appellee was entirely rescinded by mutual consent of the parties thereto, soon after such sale, and long prior to the commencement of this suit; and in finding all the other issues in the case for the appellee upon which the court below rendered judgment, and as that question is decisive of this case (no error being perceived in the instructions given or refused), it could serve no useful purpose to refer to, or discuss other points sought to be raised by errors assigned upon the record before us. Finding no error in this record, the judgment of the Circuit Court is affirmed.                    *Judgment affirmed.*